**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **OLSHAN FROME WOLOSKY LLP,** <br><br> **Plaintiff,** <br><br> **-against-** <br><br> **THE COMMITTEE TO RESTORE NYMOX SHAREHOLDER VALUE INC., RANDALL J. LANHAM, M. RICHARD CUTLER, AND CHRISTOPHER R. RILEY,** <br><br> **Defendant.** | **24-cv-02134 (ALC) (VF)** <br><br> **ORDER** |

**ANDREW L. CARTER, JR., District Judge:**

Pending before the Court is Plaintiff's Motion for Summary Judgment. For the reasons stated below, Plaintiff's Motion is **DENIED** without prejudice to refile in accordance with the Court's Local Rules.

Plaintiff filed their Motion on January 6, 2026, and filed their accompanying Memorandum of Law and Rule 56.1 Statement on the same day. Plaintiff did not file proof of service of the "Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment" included in Local Rule 56.2. Defendants Lanham and Riley responded to the Motion for Summary Judgment by filing opposing memoranda and declarations in support of the memoranda. The Declarations did not comply in format or substance with Local Rule 56.1(b) or (d).

The Second Circuit has emphasized the "necessity that *pro se* litigants have actual notice, provided in an accessible manner, of the consequences of [their] failure to comply with the requirements of Rule 56." *Irby v. New York City Transit Authority*, 262 F.3d 412, 414 (2d Cir.

2001). Even where the Defendant has "suffered no prejudice," the Circuit has made it clear that it will vacate "summary judgment dismissals against a *pro se* litigant when the *pro se* is unaware of the consequences of failing to adequately respond to the motion for summary judgment." *Id*.

To ensure that *pro se* litigants receive actual notice, the Board of Judges of the Southern District of New York instituted Local Rule 56.2. *See Dais v. Lane Bryant, Inc.*, 2000 WL 869489, at *2 (S.D.N.Y. 2000) (citing Order M10-468 (S.D.N.Y. Nov. 18, 1999)). Pursuant to Local Rule 56.2, "any represented party moving for summary judgment against a party proceeding pro se shall serve and file as a separate document, together with the papers in support of the motion, a 'Notice To Pro Se Litigant Opposing Motion For Summary Judgment.'"[1] The "linchpin of [Local] Rule 56.2 is whether a *pro se* [litigant] ultimately is aware of the basic requirements and ramifications of the adjudication of the summary judgment motion against him." *See Forsyth v. Fed'n Emp. and Guidance Serv.*, 409 F.3d 565, 572 (2d Cir. 2005) (*abrogated on other grounds by Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618 (2007)). "The failure to include a Rule 56.2 Statement with a motion for summary judgment is grounds for the denial of the motion if it is not otherwise clear from the record that the *pro se* litigant understood the nature of the summary judgment motion." *White v. Roosevelt Union Sch. Dist. Bd. of Educ.*, 2023 WL 4420117 at *1 (E.D.N.Y. 2023) (citing to *Hartford Life Ins. Co. v. Einhorn,* 452 F. Supp. 2d 126, 129 (E.D.N.Y. 2006)).

[1] Plaintiff is a law firm represented by its own attorneys. While Plaintiff is proceeding *pro se*, it is nonetheless effectively represented by licensed attorneys. The Court therefore finds that Plaintiff should be held to the same standard as a "represented party" under Local Rule 56.2. Attorneys proceeding *pro se* are not entitled to the "special solicitude," afforded to other pro se litigants. See *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d. Cir. 2010) ("The ultimate extension of this reasoning is that a lawyer representing himself ordinarily receives no such solicitude at all."). "[U]nder certain circumstances, a litigant's experience and knowledge may even justify complete withdrawal of solicitude for the entirety of an action." *Id*. (citing to *Godlove v. Bamberger, Foreman, Oswald, and Hahn*, 903 F.2d 1145, 1148 (2d Cir. 1990) (denying special solicitude to pro se practicing attorney)).

"[T]he mere existence of a response does not automatically give rise to the inference that a *pro se* litigant understood the nature of a summary judgment motion." *Sawyer v. Am. Fed'n of Gov't Emps., AFL-CIO*, 180 F.3d 31, 35 (2d Cir. 1999). "[T]he concerns that we have expressed regarding *pro se* litigants' understanding of summary judgment are not extinguished by the mere fact that a *pro se* litigant files a response of some sort." *Id*. (citing to *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 621 (2d Cir, 1999)). A party's "unfamiliarity with [their] obligations" may be "evidenced by [the] omission of the Statement of Material Facts required under Local Rule 56.1." *See Dais*, 2000 WL 869489, at *2.

The record does not reflect that Defendant Riley is a practicing attorney or a *pro se* litigant who has "become generally experienced in litigation through participation in a large number of previous legal actions." *See Freshwater*, 623 F.3d at 101. He is therefore entitled to the full protections of Local Rule 56.2.

Riley's filings do not indicate that he has the requisite knowledge of the consequences of failing to comply with Rule 56. *See Sawyer*, 180 F.3d at 35 ("the issue in each case remains whether from all of the circumstances, including the papers filed by the *pro se* litigant, it is reasonably apparent that the litigant understood the nature of the adversary's summary judgment motion and the consequences of not properly opposing it"). Riley did not submit an opposing Statement of Material Facts, or any document purporting to supply the information required by Local Rule 56.1. *See Dais*, 2000 WL 869489, at *2 ("Plaintiff's unfamiliarity with his obligations is evidenced by his omission of the Statement of Material Facts required under Local Civil Rule 56.1"). The Court is therefore not satisfied that Riley "had an awareness or clear understanding of the requirements set forth in Rule 56." *See Teri v. Spinelli*, 2011 WL 13295946, at *2 (E.D.N.Y. 2011).

## CONCLUSION

Considering that Plaintiff is self-represented by practicing attorneys, the Court finds that Riley, as a *pro se* litigant, was entitled to notice pursuant to Local Rule 56.2.

Accordingly, Plaintiff's Motion for Summary Judgment, Dkt. 87, is **DENIED** without prejudice to refiling. Plaintiff is **GRANTED** leave to refile their Motion for Summary Judgment within fourteen days of the date of this Order. Upon refiling, Plaintiff should comply with the requirements of Local Rule 56.2.

Defendants shall respond to the Motion for Summary Judgment within 21 days of Plaintiff's Motion. Plaintiff's Reply is due 7 days thereafter.

The Clerk of Court is respectfully directed to terminate Dkt. 87.

**SO ORDERED.**

**Dated:** **September 29, 2026**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**